7/16/2026 12:25 PM
26CV36742

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| KEVIN CRAM and ASHLEE CRAM,<br>Plaintiffs,<br>v.<br>STATE FARM FIRE AND CASUALTY COMPANY,<br>Defendant. | Case No. 26CV36742<br>**COMPLAINT (Breach of Contract, Breach of the Implied Covenant of Good Faith, Negligence)**<br>PRAYER: $232,404.26<br>Fee Authority: $594.00 (ORS 21.160(1)(c))<br>**Not Subject to Mandatory Arbitration**<br>**DEMAND FOR JURY TRIAL** |

COME NOW, plaintiffs Kevin Cram and Ashlee Cram and for their claims against defendant State Farm Fire and Casualty Company, allege as follows:

**PARTIES**

1. Plaintiffs Kevin Cram and Ashlee Cram (the "Crams" or the "Plaintiffs") are individuals that, at all times material to this action, own the residential property situated at 1138 NW 99th Avenue, Portland, Washington County, Oregon (the "Property").

2. Defendant State Farm Fire and Casualty Company ("State Farm" or the "Defendant") is a foreign insurance company that, at all times material to this action, was licensed and authorized to issue insurance policies covering property in Washington County, Oregon, including the insurance policy at issue in this lawsuit.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

## FACTUAL ALLEGATIONS

3. State Farm sold the Crams a property insurance policy, numbered 37CTM0674 (the "Policy").

4. The Policy covered the Property, subject to the terms, conditions, limitations, and exclusions set forth therein.

5. The Policy was issued for valuable consideration in the form of premiums.

6. The Crams paid all premiums as they were due.

7. On or about April 27, 2025, while the Policy was in full force and effect, the Property sustained damage due to a sudden and accidental discharge of water from a plumbing line (the "Loss").

8. The Policy covers the damage to the Property caused by the Loss.

9. The Crams submitted to State Farm a claim under the Policy for the cost of repairing the damage to the Property resulting from the Loss, which State Farm formally designated as Claim No. 3784B874D (the "Claim").

10. State Farm accepted coverage under the Policy for the Claim. State Farm has not asserted any exclusions or limitations contained in the Policy operate to bar or limit coverage for any aspect of the Claim.

11. Pursuant to the terms of the Policy, State Farm owes the Crams the commercially reasonable and necessary amount to restore the Property to its pre-Loss condition and for the Crams' ongoing additional living expenses ("ALE") while the Property is uninhabitable due to the Loss.

12. The Crams retained the services of a local licensed water mitigation contractor to perform emergency mitigation work on the Property following the Loss. The Crams incurred $4,527 in emergency water mitigation costs for the work performed by the contractor.

13. The Crams have also engaged a local licensed insurance restoration contractor to perform the repairs on the Property necessitated by the Loss, and they have commenced the repair



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

process as of the filing of this lawsuit. The contractor currently estimates the total cost to repair the damage to the Property due to the Loss is $238,953.87. The specific amount needed to completely repair the Property to its pre-Loss condition will be provided upon completion of construction and supplemented during discovery in this matter.

14. The total current estimated cost to repair the damage to the Property caused by the Loss, including the mitigation and restoration work, is $243,480.87. The specific amount needed to repair the Property to pre-Loss condition will be determined upon completion of construction, supplemented in discovery in this matter, and proven with specificity at the time of trial. The total amount needed to mitigate and repair the damage to the Property caused by the Loss is covered under the terms of the Policy, and the Crams are entitled to be paid the entire amount by State Farm.

15. The Crams provided the contractor's estimate to State Farm as part of its investigation and adjustment of the Claim. The contractor's estimated cost of repairs constitutes the commercially reasonable and necessary cost of repairs.

16. After significant delays, State Farm prepared an internal estimate of the cost to repair the Property that determined the total cost to repair the damage to the Property is $61,076.61, and after applying the deductible due under the Policy agreed to pay $54,414,61.

17. Based on the current estimate prepared by the Crams' contractor, State Farm has underpaid them by at least $182,404.26. The specific amount of State Farm's underpayment will be proven with specificity at the time of trial.

18. State Farm's underpayment on the amount needed to repair the Property constitutes a breach of the Policy.

19. The Crams are entitled under the terms of the Policy to any ALE incurred because of the Loss, including through the completion of repairs to the Property. As of the filing of this Complaint, State Farm has agreed to pay the Crams for temporary housing under the ALE provisions of the Policy to their satisfaction, and the ALE due under the Policy is not currently



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

in dispute. To the extent that State Farm later denies or fails to pay all ALE benefits owed, the Crams reserve the right to amend the Complaint to assert recovery of all owed ALE benefits under the State Farm Policy.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Count 1: Express Breach of Contract)

20. The Crams incorporate the preceding paragraphs as if fully stated herein.

21. The Policy constitutes a valid, enforceable contract between the Crams and State Farm.

22. State Farm breached the Policy by failing to fully pay the Claim pursuant to the terms of the Policy.

23. As a direct and proximate result of State Farm's breach of the Policy, the Crams have sustained damages in an amount to be proven at the time of trial, but which are anticipated to be at least $182,404.26.

24. The Crams are entitled to recover their attorney fees and costs from State Farm pursuant to ORS 742.061.

25. The Crams are entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of their damages was readily ascertainable as of the date of the Loss.

### (Count 2: Breach of the Implied Covenant of Good Faith and Fair Dealing)

26. The Crams incorporate the preceding paragraphs as if fully stated herein.

27. The implied terms of the Policy include State Farm's promise to act in good faith and to deal fairly with the Crams in all matters related to the Policy, including the investigation, adjustment, coverage decision, and payment of the Claim.

28. State Farm breached the Policy's implied covenant of good faith and fair dealing during its evaluation, investigation, and adjustment of the Claim in at least the following ways:



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

a. Refusing to pay the full amount owed on the Claim without stating a reasonable basis for its refusal to pay the appropriate amount;

b. Failing to acknowledge and act promptly upon communications relating to claims, in violation of ORS 746.230(1)(b);

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims, in violation of ORS 746.230(1)(c);

d. Refusing to pay claims without conducting a reasonable investigation based on all available information in violation of ORS 746.230(1)(d);

e. Not attempting, in good faith, to settle the Claim when liability was reasonably clear, in violation of ORS 746.230(1)(f);

f. Compelling the Crams to retain counsel to file a lawsuit to receive benefits owed under the Policy by refusing to pay the full amount owed on the Claim in violation of ORS 746.230(1)(g).

29. State Farm's refusal to act in good faith constitutes a breach of the Policy.

30. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, the Crams have suffered the economic loss of the benefit of the contract in an amount to be proven at the time of trial, but which is anticipated to be at least $182,404.26.

31. The Crams are entitled to recover their attorney fees and costs from State Farm pursuant to ORS 742.061.

32. The Crams are entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of their damages was readily ascertainable as of the date of the Loss.

**SECOND CLAIM FOR RELIEF**

**(Negligence / Tortious Insurance Bad Faith)**

33. The Crams incorporate the preceding paragraphs as if fully stated herein.

34. State Farm is subject to a standard of care in its performance of insurance contracts that is independent of, in addition to, and outside the terms of the Policy. As State Farm's



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

insureds, the Crams were protected under law from specific practices, acts, or omissions by State Farm that are harmful and injurious to policyholders. The legal protection from improper practices, acts, or omissions by State Farm serves to, among other things, ensure that insurance companies promptly, thoroughly, and fairly investigate insurance claims, promptly and completely pay policyholders for all covered damages, and honestly represent to policyholders the coverage afforded by the insurance policy and the facts of the claim. In the context of property damage claims like this, the protections afforded to the Crams provided them with the assurance that they would be able to promptly repair or replace their covered Property and return it to its pre-Loss condition. These guarantees serve as a safeguard for policyholders from the stress, emotional injuries, and economic consequences associated with the insurance company mishandling an insurance claim.

35. As State Farm's policyholders, the Crams were members of the class of individuals protected from State Farm's negligent, improper, and injurious claim handling. As a result of State Farm's mishandling of his Claim, the Crams sustained reasonably foreseeable injuries.

36. State Farm negligently performed its obligations in its review, investigation, adjustment, and decision to not fully pay the Claim in one or more of the particulars outlined in paragraph 26, including all sub-paragraphs.

37. State Farm knew, or in the exercise of reasonable care as an insurance business, should have known, that one or more of the foregoing acts or omissions would create an unreasonable risk of harm to the Crams as its policyholders. As a business engaged in the marketing and selling of insurance to provide coverage for homeowners who suffer covered property loss, State Farm knew or had reason to know that when it issues a homeowners insurance policy to policyholders that a foreseeable and probable consequence of its failure to provide insurance benefits in accordance with the Policy would be to cause the policyholder to suffer the adverse effects of having to unnecessarily and unreasonably be required to spend time, effort, and additional monetary resources, which results directly in stress, emotional harm, and financial



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

hardship to the policyholders. State Farm also knew or had reason to know that when it issued the Policy that a primary reason policyholders purchase such insurance is to relieve the stress, emotional distress, and financial hardship caused by significant property losses, such as those caused by a covered property loss.

38. As a direct and proximate result of State Farm's negligent performance of its common law and statutory obligations owed to the Crams when administering the Policy, as detailed above in this Complaint, the Crams suffered the non-economic loss of increased stress, emotional distress, anxiety, loss of enjoyment of life, and resulting physical symptoms and harm. The Crams are entitled to recover non-economic damages in an amount to be proven at the time of trial, but not less than $50,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Kevin Cram and Ashlee Cram pray for judgment as follows:

1. That judgment be entered in favor of the Crams and against State Farm on each of the claims stated herein.

2. On the First Claim for Relief, including each separate count, for damages in an amount to be proven with specificity at the time of trial, but anticipated to be no less than $182,404.26.

3. On the Second Claim for Relief, for damages in an amount to be proven with specificity at the time of trial, but anticipated to be no less than $50,000.00.

4. That they recover pre- and post-judgment interest at the maximum legal rate.

5. That they recover attorney fees and costs pursuant to ORS 742.061.

6. That they be awarded such other relief as is just and proper.

///

///

///

///



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

DATED this 16th day of July 2026.

FOREMAN STURM & THEDE LLP

By: */s/ Nicholas A. Thede*
**Nicholas A. Thede, OSB No. 075460**
nick.thede@foremansturm.com

By: */s/ Scott A. MacLaren*
**Scott A. MacLaren, OSB No. 123799**
scott@foremansturm.com

*Attorneys for Plaintiffs Kevin and Ashlee Cram*



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824